UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME MIDKIFF, et al., <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO FAMILY HOUSING LLC., et al., <br><br> Defendants. | Case No.: 24-CV-0729-JO-SBC <br><br> **ORDER DISMISSING THE COMPLAINT** |

This Court first issued an Order to Show Cause for failure to prosecute on August 19, 2024, after Plaintiffs had failed to meet and confer pursuant to the Court's Civil Chamber Rules and had failed to oppose the Defendants' original motion to dismiss. Dkt. 9. After Plaintiffs timely responded to the Order to Show Cause, they filed their first amended complaint on October 11, 2024. Dkts. 11, 14. Defendants filed a motion to dismiss the amended complaint on October 25, 2024. Dkt. 15. The Court ordered Plaintiffs to file a brief in opposition of the motion to dismiss by November 22, 2024, with the defendants' reply brief due by December 6, 2024. Dkt. 16. Plaintiffs again failed to comply with the Court's meet and confer requirements and failed to file an opposition by the court-ordered deadline of November 22, 2024. Instead, they filed a belated notice of non-opposition to Defendants' motion to dismiss on December 2, 2024. Dkt. 17. This Court then ordered Plaintiffs to show cause for why this action should not be dismissed for

failure to prosecute given Plaintiffs' repeated failures to meet and confer pursuant to Chambers Rules and timely oppose Defendants' motions to dismiss, and to show cause for why sanctions should not be imposed, with a response to the Order to Show Cause due by December 10, 2024. Dkt. 18. To date, Plaintiffs have not filed a response.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. Fed. R. Civ. P. 41(b). Before dismissing under Rule 41(b), a district court must weigh five "essential factors": "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423–24 (9th Cir. 1986). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay," which "creates a presumption of injury to the defense." *Id.* at 1423 (citations omitted).

The Court examines the five "essential factors" set forth in *Henderson* and finds that they weigh in favor of dismissing the case. Plaintiffs have unreasonably and repeatedly failed to meet the Court's deadlines, to meet and confer pursuant to Chambers rules, and to respond to its second Order to Show Cause. Based on these facts, the Court find that the public's interest in speedy litigation and the Court's need to manage its docket weigh in favor of dismissal. The Court also finds Defendants have been prejudiced by Plaintiffs' inaction, as the failure to meet and confer forced Defendants to file a second motion to dismiss that was ultimately unopposed. Moreover, by not requesting an extension regarding the second Order to Show Cause, Plaintiffs have requested no alternative sanction nor demonstrated a desire to prosecute this case. The Court, therefore, finds that dismissal is the appropriate sanction in this case.

Accordingly, the Court DISMISSES this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  December 12, 2024

_____

Hon. Jinsook Ohta

United States District Court